**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **EDNA D. FORDHAM,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **CASE NO.: 1:13-CV-00910-LO-TRJ** |
| **FREDDIE MAC, ET AL.** | ) |
| **Defendants.** | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Defendants Freddie Mac,[1] Kvita Agarwal, Theresa Tietjen, and Timothy Ledet (collectively "Defendants") submit the following Opposition to Plaintiff Edna Fordham's Motion to Stay Proceedings Pending Appeal ("Motion to Stay").

Ms. Fordham's Motion to Stay requests that the Court stay all proceedings in this case until "ten (10) days after the Fourth Circuit issues a ruling resolving [her] appeal of this Court's grant of Motion to Dismiss." (Docket No. 41 at p. 2). The Court should deny this request for two independent reasons: (1) Ms. Fordham's appeal is improper, meaning that there is no basis for a stay; and (2) Defendants will be moving to dismiss Ms. Fordham's third amended complaint in its entirety, meaning that there are no efficiencies to be gained from a stay.

First, this Court should deny Ms. Fordham's Motion to Stay because her Fourth Circuit appeal—*i.e.*, the basis for her stay request—is improper. As this Court is well aware, as a general principle, courts of appeal may only hear appeals from "final judgment" of district

[1] Ms. Fordham's various complaints and other filings refer to "Freddie Mac." The correct corporate name is "Federal Home Loan Mortgage Corporation."


courts. 28 U.S.C. § 1291; *see also Digital Equipment Corp. v. Desktop Direct*, 511 U.S. 863, 868 (1994) (noting that "the general rule [is] that a party is entitled to a single appeal, to be deferred until final judgment has been entered . . . ."). Final decisions are those judgments that "end[] the litigation on the merits and leave nothing for the court to do but execute the judgment." *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497 (1989).

There has not yet been an appealable final judgment in this case. While the Court dismissed four of the five claims contained in Ms. Fordham's second amended complaint with prejudice, it dismissed her Fair Labor Standards Act ("FLSA") claim without prejudice, and "grant[ed] her leave to amend in order to include any specific information she failed to place in her most recent complaint . . . ." Docket No. 38 at p. 7. Ms. Fordham has since filed a third amended complaint.[2] Docket No. 39. Because the Court dismissed Ms. Fordham's FLSA claim without prejudice—and because Ms. Fordham subsequently filed an amended complaint—there has not yet been a final judgment, and Ms. Fordham's Fourth Circuit appeal is improper. *See, e.g.*, *Cycle Chem, Inc. v. Jackson*, 465 Fed. Appx. 104, 107 (3d Cir. 2012) (stating that "[a] dismissal without prejudice is generally not an appealable final judgment under 28 U.S.C. § 1291, unless the plaintiff cannot cure the defect in the complaint or elects to stand on the complaint without amendment") (internal quotation marks and citation omitted). Given that Ms. Fordham's appeal is improper, there is no need to stay the case pending the resolution of that appeal.

Second, this Court should deny Ms. Fordham's Motion to Stay because Defendants will be moving to dismiss the third amended complaint in its entirety, eliminating any potential

[2] While Ms. Fordham filed a third amended complaint, she failed to cure the deficiencies with her FLSA claim. As will be discussed below, Freddie Mac will be moving to dismiss the third amended complaint.

efficiencies to be gained from a stay. As noted above, the Court dismissed Ms. Fordham's FLSA claim without prejudice in order to provide her with an opportunity to specify "the amount and extent" of her alleged uncompensated work. Docket No. 38 at p. 7. While Ms. Fordham filed a third amended complaint, she did not cure the deficiencies with her FLSA claim. Instead, the third amended complaint essentially repeats the language from the second amended complaint. Docket No. 39 at ¶¶ 22-24, 76-77. It provides no details regarding the "the amount and extent" of her allegedly uncompensated work.[3] *Id.* Because Ms. Fordham has ignored the Court's April 10 Order, and failed to correct the defect with her FLSA claim, Defendants will be moving to dismiss the third amended complaint in its entirety.[4] As such, there are no potential efficiencies to be gained from a stay, and Ms. Fordham's Motion to Stay should be denied.

Dated: May 22, 2014

Respectfully Submitted:

/s/ Katherine L. Hoekman

Katherine L. Hoekman (Bar No. 74109)
Grace E. Speights (admitted *pro hac vice*)
Lincoln O. Bisbee (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.739.3000
Facsimile: 202.739.3001
khoekman@morganlewis.com

*Attorneys for Defendants*
*Attorney for Defendants*

---

[3] The third amended complaint also re-pleads the four counts that the Court previously dismissed with prejudice. Docket No. 39.

[4] Defendants' response to the third amended complaint is due on May 27, 2014.

**CERTIFICATE OF SERVICE**

I, Katherine L. Hoekman , hereby certify that on the 22nd day of May 2014, a true and correct copy of the foregoing was electronically served on Plaintiff Edna Fordham via email.

/s/ Katherine L. Hoekman
Katherine L. Hoekman (Bar No. 74109)